```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
VETERANS IN POSITIVE ACTION, INC., and                    :
RAYMOND LETTSOME,                                         :
                                    Plaintiffs,           :         13 Civ. 3306 (PAE)
                                                          :
                    -v-                                   :         OPINION & ORDER
                                                          :
DEPARTMENT OF VETERANS AFFAIRS VETERANS                   :
HEALTH ADMINISTRATION et al.,                             :
                                                          :
                                    Defendants.           :
                                                          :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Plaintiff Veterans in Positive Action is a non-profit veterans services organization that, until recently, worked out of an office at the James J. Peters VA Medical Center in the Bronx. Together with its founder, Raymond Lettsome, it alleges that the Department of Veterans Affairs and its employees (collectively, the "VA") unlawfully locked it out of its office. The VA moves to dismiss on jurisdictional grounds. For the reasons that follow, the Court grants the VA's motion to dismiss.

1.   **Background**[1]

Plaintiff Veterans in Positive Action is a non-profit organization that provides services to veterans. Am. Comp. ¶ 5, *id.* Ex. B. Since July 7, 2003, it has been operating out of the James J. Peters VA Medical Center in the Bronx ("VAMC"). *Id.* ¶ 5. Plaintiff Lettsome is a director of Veterans in Positive Action. *Id.* Ex. B.

---

[1] For the purpose of resolving the motion to dismiss, the Court assumes all facts pled in the plaintiffs' Amended Complaint ("Am. Compl.") to be true, drawing all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

One December morning in 2012, Lettsome and other Veterans in Positive Action personnel went to their office, only to discover that their keys no longer opened the door. *Id.* ¶ 7. They went to the office of Jean Cooney, Director of the VAMC, and spoke to her secretary, Darlene Romero. *Id.* ¶ 8. Romero told them to speak with the Veterans Administration Police, who in turn told them "that there was nothing that they could do to help them and that plaintiff[s] should remove themselves from the premises or they [would] escort them off the premises." *Id.*

It appears that, around March 1, 2013, plaintiffs sought to demonstrate support for their organization by asking veterans to sign a petition. *Id.* Ex. B. The petition read: "This is a document for support of VETERANS IN POSITIVE ACTION INC. . . . We would like them to be reinstated so that we can continue to get their assistance veterans [sic]. They do a superb job. We are in need of the services they provide, without their guidance many of us would not have gotten our entitlements. We would be lost without the information that they give us about what we can or can't get, as far as veterans benefits." *Id.* The Court counts 52 signatures in support. It is not alleged that plaintiffs shared the signed petition with anyone at the VA. Plaintiffs do not allege that they pursued any administrative remedies at the VA, or took any action with respect to the VA, other than speaking with Romero and the VA police on the day of the lock-out.

On or about May 6, 2013, plaintiffs filed, in New York City Housing Court, an Order to Show Cause in Lieu of Notice of Petition to Restore Possession. Dkt. 1, Ex. A ("OSC"). On May 16, 2013, the VA removed the case to this Court. Dkt. 1. On June 6, 2013, the VA moved to dismiss. Dkt. 6. On June 19, 2013, plaintiffs amended their complaint, asserting jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). Dkt. 10, 12-1.[2]

---

[2] Plaintiffs never properly filed the Amended Complaint through the Electronic Case Filing system. Helpfully, the VA attached a copy of the amended complaint that was served on them when they filed their second motion to dismiss on July 10, 2013. Dkt. 12-1.

On July 10, 2013, the VA again moved to dismiss, arguing that plaintiffs had failed to exhaust their administrative remedies, as required by the FTCA, and that therefore this Court lacked jurisdiction. Plaintiff's opposition was due July 24, 2013. Dkt. 9. Plaintiffs filed nothing with the Court until July 30, 2013, when plaintiffs' counsel sent an email requesting an extension but offering no coherent reason for the failure to file an opposition or request an extension by the due date. Dkt. 14. Nonetheless, the Court granted a brief extension. *Id.* On August 5, 2013, plaintiffs filed their 3-page opposition, asserting that they "ha[ve] now decided that the proper act to assert their claim is not under FTCA but now assert their claims under the Little Tucker Act," 28 U.S.C. § 1491, on the ground that plaintiffs and the VA had had an oral contract for use of the space at the VAMC. Dkt. 16.[3] On August 7, 2013, the VA replied, arguing that plaintiffs could not amend their complaint in their opposition papers and that the Amended Complaint did not allege an oral contract between plaintiffs and the VA.

**II.     Discussion**

Plaintiffs have asserted no valid basis for jurisdiction.

Plaintiffs' Amended Complaint asserts that this Court has jurisdiction under the FTCA. But the FTCA requires "that a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004); *see* 28 U.S.C. § 2675(a). Plaintiffs do not contend that they have filed a claim with the VA, and the VA reports that no such claim has been filed. Second

---

[3] Like their amended complaint, plaintiffs' opposition was improperly filed, in this instance because it was not signed by counsel. Dkt. 16. On September 3, 2013, plaintiffs filed a signed version. Dkt. 18.

3

Kennedy Decl. ¶ 3. Thus, plaintiffs have failed to exhaust, and the FTCA does not supply jurisdiction.[4]

In response to the VA's definitive argument showing that there is no jurisdiction under the FTCA, plaintiffs, in their opposition, advance a new theory: that there is jurisdiction under the Little Tucker Act, 28 U.S.C. § 1491, on the ground that plaintiffs had an oral contract with the VA to use the space at the VAMC. The Little Tucker Act grants jurisdiction to the federal district courts for contract claims of $10,000 or less against the United States. 28 U.S.C. § 1346(a)(2). But plaintiffs may not use an opposition brief to amend their complaint. And in any event, plaintiffs' brief fails to articulate the elements of an oral contract claim. "A claim for breach of contract must, at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion." *Computech Int'l, Inc. v. Compaq Computer* Corp., No. 02 Civ. 2628 (RWS), 2002 WL 31398933, at *2 (S.D.N.Y. Oct. 24, 2002) (citations omitted). Plaintiffs do not allege a single term of the contract, nor do they concretely allege its breach or any resultant damages. Thus, treating the opposition as a motion to amend would be futile. Plaintiffs have not shown jurisdiction under the Tucker Act. Their complaint must be dismissed.

The dismissal, however, is without prejudice. The Amended Complaint's recitation of facts is so sparse as to prevent the Court from making a reliable assessment whether, had there been thorough and capable pleading, plaintiffs could have stated a claim, whether for damages under the FTCA or the Little Tucker Act, or, conceivably, for forward-looking relief based on unlawful agency action. *See Sharkey v. Quarantillo*, 541 F.3d 75, 91 (2d Cir. 2008) ("Section

---

[4] *See also* Defendants' Motion to Dismiss Plaintiffs' Amended Complaint 4–6 (correctly noting that an FTCA case must be filed against the United States, not a federal agency, and certifying that the defendant officers acted within the scope of their employment, such that the United States must be substituted for the officers in a lawsuit for money damages under the FTCA).

702 of the [Administrative Procedure Act] waives the federal government's sovereign immunity in actions for non-monetary relief against an agency or officer thereof brought under the general federal question jurisdictional statute." (citation omitted)); 5 U.S.C. § 702.

## CONCLUSION

Plaintiffs' complaint is dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the motions pending at dockets 5 and 11, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 30, 2013
       New York, New York